ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    eric.cheng@usdoj.gov
    ajay.krishnamurthy@usdoj.gov
    alethea.sargent@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>AMANDA CARMELLA THEODOSY,<br>  a/k/a AMANDA CARMELLA NASH,<br><br>    Defendant. | **CASE NO. 4:23-cr-00264 JSW-3**<br><br>**MOTION FOR ORDER AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM TO SANTA CLARA POLICE DEPARTMENT IN ADVANCE OF JURY TRIAL AND [PROPOSED] ORDER**<br><br>Re: Dkt. No. 161 |

The United States of America applies to this Court pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for the issuance of a subpoena duces tecum to the Santa Clara Police Department (hereinafter "SCPD"). The subpoena seeks the complete job application of the defendant for her position at Santa Clara Police Department, which she held for approximately March 21, 2022, to September 13, 2022; the relevant job posting(s); and any documentation of the qualifications required and/or recommended for applicants for the position. *See* Attachment A.

Rule 17(c) of the Federal Rules of Criminal Procedure establishes the procedure by which parties

in a criminal case may compel third parties to produce evidentiary material for use at pre-trial hearings and/or trial. Rule 17(c) states, in relevant part, that:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The Supreme Court has discussed the limited use of subpoenas duces tecum as authorized by Rule 17, and particularly those subpoenas which command pre-trial production of documents under previous versions of Rule 17(c). *See United States v. Nixon*, 418 U.S. 683, 697–702 (1974); *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951). The Court in *Nixon* noted that the "chief innovation" of a subpoena duces tecum "was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Nixon*, 418 U.S. at 698B99 (emphasis in original, citations omitted). Specifically addressing subpoenas requiring production before trial, the Court ruled that the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id. at 699–700.

In the instant case, the defendant is charged with violations of 18 U.S.C. § 1349 (Conspiracy to Engage in Wire Fraud) and (18 U.S.C. § 1343 – Wire Fraud). This matter is currently scheduled for a jury trial on August 5, 2024.

The government anticipates that at trial, the evidence will show that the defendant hired someone (referred to as "Individual-1" in the Indictment) to complete a college degree for her and then fraudulently applied to her place of employment (then, the Pittsburg Police Department (hereinafter, "PPD")) for reimbursement and educational incentives on the basis of that college degree. In addition, the government also anticipates that the evidence will show that, after receiving a college degree on the basis of the courses that Individual-1 took on the defendant's behalf, the defendant applied for and accepted a job at the Santa Clara Police Department ("SCPD").

SCPD has confirmed that the defendant was employed as a lateral Police Officer from March 21, 2022, to September 13, 2022.  According to SCPD's website, https://iamscpd.org/faqs, the "basic minimum" education and experience requirements to apply for "Lateral and Entry Level Police Officer" at SCPD include:

(1) "Completion of sixty (60) semester units or ninety (90) quarter units of academic level course work at an accredited college or university with no experience required; or"

(2) "Completion of thirty (30) semester units or forty-five (45) quarter units of academic level courses at an accredited college or university and two (2) years full-time, paid, recent police experience with a sheriff's department, state police, highway patrol, or municipal police department."

The government requests authorization to issue a subpoena duces tecum to SCPD for the defendant's complete job application for her position at SCPD; the relevant job posting(s); and any documentation of the qualifications required and/or recommended for applicants for the position.  First, the documents are evidentiary and relevant.  The requested records are expected to constitute further evidence in support of the defendant's charge of wire fraud by evidencing the affirmative representations the defendant made regarding her educational experience in order to qualify for the SCPD position she was ultimately awarded.  This goes directly to the defendant's motive to participate in the scheme to defraud.  Second, the relevant records from SCPD, which are confidential personnel records, are also not otherwise procurable reasonably in advance of trial.  Third, the government requires these records in advance of jury trial to prepare arguments, and to provide notice to the defense about this evidence reasonably in advance of trial.  Lastly, the government makes this application in good faith to seek materials that are relevant to proving the defendant's *mens rea* and participation in the scheme to defraud.

//
//
//
//
//

Accordingly, all of the *Nixon* requirements are met and, therefore, issuance of this subpoena is appropriate. For the reasons stated above, the government requests that the Court order that the government may issue the requested subpoenas duces tecum.

DATED: May 21, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s/
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA M. SARGENT
Assistant United States Attorneys

## [PROPOSED] ORDER

Upon the motion of the United States, and good cause appearing, **IT IS HEREBY ORDERED THAT** Santa Clara Police Department produce the records requested in the subpoena, attached hereto, issued by the United States District Court for the Northern District of California in the above-captioned case, for return on or before **June 4, 2024**.

**IT IS FURTHER ORDERED** that such records be provided by the subpoena recipient to the Court, in an envelope delivered to the Clerk's Office, and directly to the issuing Assistant United States Attorney whose name and address appears at the bottom of the subpoena, attached hereto.

**IT IS FURTHER ORDERED** that upon the government's receipt of such documents, a copy of the relevant records shall be provided forthwith to counsel for the defendant, as required by Rule 16 of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED.**

DATED: May 21, 2024

HON. JEFFREY S. WHITE
United States District Judge

# ATTACHMENT A

<u>ATTACHMENT A</u>
Case 4:23-cr-00264 JSW

**Santa Clara Police Department**
**601 El Camino Real**
**Santa Clara, CA 95050**

Please provide copies, in electronic format, of all personnel records related to the following individuals:

Name: **Amanda Carmella Nash, a/k/a Amanda Carmella Theodosy**
Date of Birth: Redacted

We are requesting the following records and information:

1. Full records related to the hiring(s) of the above-named individual, including on or about 03/21/2022:
    a. Complete job application;
    b. Relevant job posting(s);
    c. Documentation of the qualifications required and/or recommended for applicants for the given position.

2. The name of an individual competent to testify about all of the above, and completion of the attached or a separate declaration pursuant to Federal Rules of Evidence 902(11), (13) and/or (14).

Please produce the responsive documents by **June 4, 2024**, so that the information may be reviewed prior to the trial or hearing in this matter by delivering the documents to the address below. If you have any questions regarding this subpoena please contact AUSA Alethea M. Sargent at (510) 637-3680 or alethea.sargent@usdoj.gov.

AUSA Alethea M. Sargent
1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724