Paul Q. Goyette (SBN 137250)
Janelle F. Crandell (SBN 224994)
**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Law Corporation**
2366 Gold Meadow Way, Suite 200
Gold River, CA 95670
Ph: (916) 851-1900
Fax: (916) 851-1995
Email: Janelle@grtlaw.com

Attorneys for Defendant,
AMANDA CARMELLA THEODOSY a/k/a NASH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA CARMELLA THEODOSY a/k/a AMANDA CARMELLA NASH,<br><br>Defendant. | CASE NO. 4:23-CR-00264-JSW-3<br><br>**DEFENDANT AMANDA THEODOSY'S MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO DEFENDANT'S RESIGNATION AND EMPLOYMENT STATUS**<br><br>Judge: Hon. Jeffrey S. White<br>Date: July 8, 2024<br>Time: 2:00 p.m.<br><br>Pretrial Conference Date: July 8, 2024<br>Trial Date: August 5, 2024 |

- 1 -

**DEFENDANT THEODOSY'S MOTION IN LIMINE NO. 1**

The government alleges that Ms. Theodosy conspired to and paid another individual by wire communication to complete coursework that allowed her to receive a Bachelor of Science degree in Criminal Justice, as a result of which she qualified for an educational incentive and an advanced post incentive from the Pittsburg Police Department.  The government alleges Ms. Theodosy received incentives between the dates of June 28, 2020, and March 19, 2022, which marks the date of her resignation from the Pittsburg Police Department. Ms. Theodosy's decision to resign was voluntary and unrelated to the allegations in the Indictment. The government is expected to address Ms. Theodosy's resignation and current employment status in their analysis of the allegedly fraudulently obtained amounts. This testimony should not be admitted. Any evidence relating to Ms. Theodosy's resignation or current employment status should be excluded because it is irrelevant pursuant to Federal Rule of Evidence 401 and unduly prejudicial pursuant to Rule 403.

Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Id. 401(a)-(b); see also *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents." (Internal quotation marks omitted)). *Peterson v. Nat'l R.R. Passenger Corp.*, No. 2:22-cv-05485-MEMF-SK, 2024 U.S. Dist. LEXIS 28131, at *4 (C.D. Cal. Jan. 9, 2024)

The test for relevancy is whether the evidence tends "logically, naturally, and by reasonable inference" to establish facts that are material, like intent or motive. *People v. Wilson* (2006) 38 Cal.4th 1237, 1245 [quoting *People v. Harris* (2005) 37 Cal.4th 310, 337].

Here, Ms. Theodosy's resignation and present employment status are not at issue in the case before this Court.  Although the government will need to prove that Ms. Theodosy was employed with the Pittsburg Police Department between June 28, 2020, and March 19, 2022, her resignation and current employment status are not relevant or material to the present case.  None of the charges pending against Ms. Theodosy requires the government to prove, as an element, that Ms. Theodosy is currently employed as a peace officer or has since separated from her employment. If the jury learns that Ms. Theodosy resigned from the Pittsburg Police Department and is no longer employed as a peace officer,

they may draw both positive and negative inferences that are entirely irrelevant to any issue to be tried. In addition, Ms. Theodosy's act of resignation and current employment status do not necessarily make any fact of consequence to the determination of the action more or less probable. Admitting such information could lead to a trial that is unnecessarily prolonged by collateral issues and could divert the jury's attention from the core issues they are tasked with resolving.

Further, Federal Rule of Evidence Rule 403 states the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. USCS Fed Rules Evid R 403. Unfair prejudice refers to the capacity of some relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. *United States v. Villa-Guillen*, 2024 U.S. App. LEXIS 12001, *Old Chief v. United States*, 519 U.S. 172.

In the Ninth Circuit, Courts have exercised discretion to exclude evidence related to the employment status and records of law enforcement officers under Federal Rule of Evidence 403. Specifically, evidence concerning internal affairs investigations, personnel complaints, and other unrelated allegations against officers has been excluded to prevent the jury from being misled or unduly prejudiced against the officers, thereby ensuring that the focus remains on the relevant issues of the case. Additionally, evidence of unrelated internal affairs investigations has been deemed irrelevant and prejudicial, as it could lead jurors to infer guilt based on past actions rather than the facts presented in the current case. *Allen v. City of L.A.*, 2012 U.S. Dist. LEXIS 65775. These decisions underscore the courts' commitment to maintaining the integrity of the judicial process by ensuring that evidence presented is directly relevant to the case at hand and does not unfairly prejudice the jury. Such rulings are crucial in cases involving law enforcement officers, where the potential for prejudice is significant.

If the jury was to learn that Ms. Theodosy resigned from her position with the Pittsburg Police Department and is no longer a peace officer, this act could be used as a basis for the jury to infer guilt. Ms. Theodosy's act of resignation could lead the jury to declare guilt based on an improper ground, such as the defendant's character or past behavior, rather than the specific offenses charged. *United*

**DEFENDANT THEODOSY'S MOTION IN LIMINE NO. 1**

*States v. Long*, 92 F.4th 481. If the jury were to assume guilt based solely on the act of resignation, this could be seen as a form of unfair prejudice.

Also, Ms. Theodosy's employment status may carry connotations or biases that could confuse or mislead the jury. In *Hernandez v. City of L.A.*, U.S. Dist. LEXIS 201321, at *13 (C.D. Cal. Aug. 1, 2022) the Ninth Circuit held: "The jury might have inferred that [the] Officer [] was guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings. The jury might have given unfair or undue weight to this evidence, or they might have been confused as to the relevance of this evidence." There is also the possibility that the jury might improperly consider Ms. Theodosy's resignation or employment status in their deliberations, which would detract from their duty to render a verdict based solely on the facts and law. Exclusion would prevent the jury from considering irrelevant employment details that could cause bias or distract from the central issues of the case.

The prejudicial effect of disclosing that Ms. Theodosy resigned from her employment as a peace officer far outweighs whatever *de minimus* probative value may be gleaned by disclosing that fact to the jury. Therefore, the Court should exclude such references on the basis that they are irrelevant, and more prejudicial than probative. Wherefore, Ms. Theodosy urges this Court to grant the motion and issue an order precluding the government and any witnesses from introducing, mentioning, or referring to Ms. Theodosy's resignation from Pittsburg Police Department and current employment status.

Dated: June 7, 2024

Respectfully Submitted,

**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Corporation**

By:_____
JANELLE F. CRANDELL
Attorney for Defendant,
AMANDA THEODOSY a/k/a NASH

# PROOF OF SERVICE

*USA v. AMANDA THEODOSY a/k/a NASH*
**Case No. 4:23-cr-00264 JSW-4**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Sacramento, State of California. My business address is 2366 Gold Meadow Way, Suite 200, Gold River, California 95670.

On June 7, 2024, I served true copies of the following document(s) described as

**DEFENDANT AMANDA THEODOSY'S JOINDER OF MORTEZA AMIRI'S MOTION IN LIMINE NO. 3 TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO DEFENDANT'S DUTIES AS A POLICE OFFICER**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address Janelle@grtlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 7, 2024, at Sacramento, California.

*/s/ Janelle F. Crandell*
_____
Janelle F. Crandell

**SERVICE LIST**
*USA v. AMANDA THEODOSY a/k/a NASH*
**Case No. 4:23-cr-00264 JSW-4**

| | |
|---|---|
| ERIC CHENG<br>AJAY KRISHNAMURTHY<br>ALETHEA M. SARGENT<br>Assistant United States Attorneys<br>1301 Clay Street, Suite 340S<br>Oakland, California 94612<br>Telephone: 510.637-3680<br>Fax: 510.637-3724<br>Email: eric.cheng@usdoj.gov<br>      ajay.krishnamurthy@usdoj.gov<br>      alethea.sargent@usdoj.gov | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |
| TIMOTHY P. CRUDO<br>RACHEL R. SUHR<br>ABRAHAM M. ANDRADE III<br>COBLENTZ PATCH DUFFY & BASS LLP<br>One Montgomery Street, Suite 3000<br>San Francisco, California 94104-5500<br>Telephone: 415.391.4800<br>Facsimile: 415.989.1663<br>Email: tcrudo@coblentzlaw.com<br>      rsuhr@coblentzlaw.com<br>      aandrade@coblentzlaw.com | Attorneys for Defendant<br>MORTEZA AMIRI |

**DEFENDANT THEODOSY'S MOTION IN LIMINE NO. 1**