Paul Q. Goyette (SBN 137250)
Janelle F. Crandell (SBN 224994)
**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Law Corporation**
2366 Gold Meadow Way, Suite 200
Gold River, CA 95670
Ph: (916) 851-1900
Fax: (916) 851-1995
Email: Janelle@grtlaw.com

Attorneys for Defendant,
AMANDA CARMELLA THEODOSY a/k/a NASH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

AMANDA CARMELLA THEODOSY a/k/a AMANDA CARMELLA NASH,

Defendant.

CASE NO. 4:23-CR-00264-JSW-3

**DEFENDANT AMANDA THEODOSY'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE NO. 2 TO ADMIT RELEVANT, INEXTRICABLY INTERTWINED EVIDENCE, AND/OR "OTHER ACTS" EVIDENCE**

Judge: Hon. Jeffrey S. White
Date: July 8, 2024
Time: 2:00 p.m.

Pretrial Conference Date: July 8, 2024
Trial Date: August 5, 2024

Defendant, AMANDA THEODOSY a/k/a/ AMANDA NASH, by and through her attorney of record, Janelle F. Crandell, submits the following Opposition to United States' Motion in Limine No. 2 and respectfully requests the Court to exclude Defendant Theodosy's application and hiring at Santa Clara Police Department for the reasons stated therein.

Specifically, the Court should rule that the following evidence is inadmissible:

1. Evidence that the City of Santa Clara posted job opening 42-21-689 for "Police Officer (Lateral)" in about July 2021, containing: a salary range of $142,699 - $182,110; "Minimum Qualifications" including "Education and Experience" of "Completion of sixty (60) semester units or

ninety (90) quarter units of academic level course work at an accredited college or university . . .'"; "Question 1" to its "Supplemental Questionnaire" requesting the "highest level of education that you have attained from an accredited college or university."

2. Evidence that THEODOSY submitted an application for this job opening, identifying: "Bachelor's Degree" in response to "What is your highest level of education?"; "Yes" to "Did you graduate" in regard to "College/University; California Coast University; 6/2018 – 6/2020"; and "Bachelor's Degree" in response to question 1 of "Supplemental Questions" regarding the "highest level of education that you have attained from an accredited college or university."

3. Evidence that THEODOSY was hired by the City of Santa Clara and worked as a Police Officer between in or about March 2022 and September 2022 earning a salary of approximately $13,109.90/month.

The government alleges that the aforementioned evidence is "intrinsic" rather than "extrinsic" of the charged crimes and therefore admissible without reference to Federal Rule of Evidence 404(b). It is true that not all other-bad-acts evidence falls within Rule 404(b)'s scope. In particular, the rule does not apply to evidence of other bad acts that are intrinsic (as opposed to extrinsic) to the charged offense. *United States v. Chin*, 83 F.3d at 87 (4th Cir. 1996). Other bad "acts are intrinsic when they are 'inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" Id. (quoting *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)). "[E]vidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the [*12] offenses for which the defendant was indicted." Id. (alteration in original) (quoting *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007)).

`Accordingly, other-bad-acts evidence is admissible under Rule 404(b) so long as it is (1) relevant to an issue other than character, (2) necessary to prove an element of the charged offense, (3)

reliable, and (4) more probative than prejudicial. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997).

As to the second *Queen* factor—prior bad acts are necessary to prove an element—the *Queen* court explained that the court must consider the evidence in "light of other evidence available to the government." 132 F.3d at 997. Though evidence of other bad acts that are intrinsic is not subject to Rule 404(b)'s limitations, such evidence must still satisfy Rule 403's requirement that its prejudicial value not outweigh its probative value. *United States v. Sebolt*, 554 F. App'x 200, 206 (4th Cir. 2014).

Ms. Theodosy's application and hiring process with the Santa Clara Police Department (SCPD) are not inextricably intertwined with the charged crimes, nor is it relevant to the facts of this case and should therefore be excluded. The Indictment alleges that in or about June 2019 and continuing through about May 2021, Ms. Theodosy committed and conspired to commit wire fraud by paying an Individual-1 to take and complete multiple courses on her behalf toward a Bachelor of Science degree so that she could obtain an increase to her salary as a Pittsburg Police Department officer. See Indictment (Dkt.1) ¶ 20.

Ms. Theodosy was not hired into the lateral officer position with SCPD until March 2022, approximately one year after the dates of the alleged crimes. This job application is temporally separate and does not complete the narrative of the charged conduct. Ms. Theodosy's job application is a distinct and independent act, unrelated to the same transaction or series of transactions as the charged offense. The indictment only alleges conduct related to the Pittsburg Police Department. The government fails to connect any of Ms. Theodosy's alleged fraudulent conduct to SCPD and fails to acknowledge that Ms. Theodosy did not receive any form of education reimbursement or incentive pay while employed there. Her job application to SCPD is neither relevant nor sufficiently related to the issues of this case. Ms. Theodosy's employment history with SCPD is not necessary to prove any element of the charged offenses and should therefore be excluded.

In the alternative, the government alleges this evidence is probative of Ms. Theodosy's motive, intent and plan to conspire and scheme to defraud. The government alleges that Ms. Theodosy used her degree for further financial and personal advancement with SCPD.

However, there is no evidence as to the qualifications SCPD relied upon in their decision to hire Ms. Theodosy. The government assumes SCPD hired Ms. Theodosy because of her education and degree. The government provides no evidence to support their conclusion that Ms. Theodosy's degree advanced her position with SCPD. The government should not be permitted to rely on their assumptions to support the introduction of irrelevant evidence.

If a court has determined that evidence of a defendant's other crime, wrong, or bad act is relevant to prove, for example, motive, then the court must conduct a balancing test to determine whether the evidence should nevertheless be excluded on the ground that its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

Rule 403 of the Federal Rules of Evidence allows a court to exclude even relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice." Fed. R. Evid. 403. Courts must tread carefully before admitting other act evidence because it almost always creates "some risk that the jury will draw the forbidden propensity inference." *United States v. Gomez*, 763 F.3d 845 at 857 (7th Cir. 2014). And of all the 404(b) permissible uses, "intent" is perhaps the one most likely to be tangled up with improper propensity uses. *Id.* at 858.

The mention of Ms. Theodosy's college degree in the SCPD job application should be excluded because its probative value is significantly outweighed by its prejudicial impact. Introducing this evidence risks confusing the jury and leading them to incorrectly infer a propensity for fraud, which is impermissible. Furthermore, Ms. Theodosy's actions during the SCPD hiring process are irrelevant to her intent or state of mind at the time of the charged offense, as these actions occurred after the alleged conspiracy and wire fraud.

For the foregoing reasons, Ms. Theodosy respectfully requests the Court to exclude Defendant

Theodosy's application and hiring at Santa Clara Police Department.

Dated: June 18, 2024

Respectfully Submitted,

**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Corporation**

By:______________________________
JANELLE F. CRANDELL
Attorney for Defendant,
AMANDA THEODOSY a/k/a NASH

**PROOF OF SERVICE**

***USA v. AMANDA THEODOSY a/k/a NASH***
**Case No. 4:23-cr-00264 JSW-4**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Sacramento, State of California. My business address is 2366 Gold Meadow Way, Suite 200, Gold River, California 95670.

On June 18, 2024, I served true copies of the following document(s) described as

**DEFENDANT AMANDA THEODOSY'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE NO. 2 TO ADMIT RELEVANT, INEXTRICABLY INTERTWINED EVIDENCE, AND/OR "OTHER ACTS" EVIDENCE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address Janelle@grtlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 18, 2024, at Sacramento, California.

Janelle F. Crandell

**SERVICE LIST**
***USA v. AMANDA THEODOSY a/k/a NASH***
**Case No. 4:23-cr-00264 JSW-4**

| | |
|---|---|
| ERIC CHENG<br>AJAY KRISHNAMURTHY<br>ALETHEA M. SARGENT<br>Assistant United States Attorneys<br>1301 Clay Street, Suite 340S<br>Oakland, California 94612<br>Telephone: 510.637-3680<br>Fax: 510.637-3724<br>Email: eric.cheng@usdoj.gov<br>ajay.krishnamurthy@usdoj.gov<br>alethea.sargent@usdoj.gov | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |
| TIMOTHY P. CRUDO<br>RACHEL R. SUHR<br>ABRAHAM M. ANDRADE III<br>COBLENTZ PATCH DUFFY & BASS LLP<br>One Montgomery Street, Suite 3000<br>San Francisco, California 94104-5500<br>Telephone: 415.391.4800<br>Facsimile: 415.989.1663<br>Email: tcrudo@coblentzlaw.com<br>rsuhr@coblentzlaw.com<br>aandrade@coblentzlaw.com | Attorneys for Defendant<br>MORTEZA AMIRI |