Paul Q. Goyette (SBN 137250)
Janelle F. Crandell (SBN 224994)
**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Law Corporation**
2366 Gold Meadow Way, Suite 200
Gold River, CA  95670
Ph: (916) 851-1900
Fax: (916) 851-1995
Email:  Janelle@grtlaw.com

Attorneys for Defendant,
AMANDA CARMELLA THEODOSY a/k/a NASH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA CARMELLA THEODOSY<br>a/k/a AMANDA CARMELLA NASH,<br><br>Defendant. | CASE NO. 4:23-CR-00264-JSW-3<br><br>**DEFENDANT AMANDA THEODOSY'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE NO. 3 TO ADMIT SUMMARIES OF VOLUMINOUS EVIDENCE**<br><br>Judge:    Hon. Jeffrey S. White<br>Date:     July 8, 2024<br>Time:     2:00 p.m.<br><br>Pretrial Conference Date:  July 8, 2024<br>Trial Date: August 5, 2024 |

Defendant, AMANDA THEODOSY a/k/a/ AMANDA NASH, by and through her attorney of record, Janelle F. Crandell, submits the following Opposition to United States' Motion in Limine No. 3 and respectfully requests the Court to exclude summaries of voluminous evidence as it relates to Ms. Theodosy.  The parties have previously stipulated to all other subsections of the United States' Motion in Limine 3 and Section F: Summaries of Voluminous Evidence, is the only outstanding issue. The government intends to offer into evidence the summaries of text message exchanges between Amiri and Individual-1 and Berhan and Individual-1 and Venmo financial records of Amiri and Individual-1 and Individual-1 and other codefendants.

Federal Rule of Evidence 1006 stipulates that a summary, chart, or calculation may be used to

- 1 -

prove the content of voluminous writings that cannot be conveniently examined in court, but it requires that the underlying documents be admissible in evidence. This implicitly includes a requirement for relevance, as irrelevant documents are generally inadmissible under the rules of evidence. The rule is designed to facilitate the presentation of large volumes of data by allowing a summary to stand in place of voluminous documents, provided these documents are admissible, which includes being relevant to the case. If the underlying documents are irrelevant, they do not meet the admissibility requirement, and therefore, a summary based on such documents would also be inadmissible. *United States v. Bray*, 139 F.3d 1104, *United States v. Johnson*, 594 F.2d 1253, *United States v. Babichenko*, 543 F. Supp. 3d 946. In addition, the Federal Rules of Evidence do not allow a party to introduce inadmissible evidence into a case under the guise of an irrelevant opinion. *Jenifer v. Fleming, Ingram & Floyd, P.C.*, 2008 U.S. Dist. LEXIS 17740.

A majority of the documents the government intends to summarize have no relevant value as to Ms. Theodosy.  The government alleges the evidence is in furtherance of the conspiracy and scheme to defraud.  However, the text message conversations were all exchanged between other individuals.  Ms. Theodosy did not have access to these conversations at the time they were made.  The text exchanges do not foster a relationship of trust in Ms. Theodosy, do not inform Ms. Theodosy about the progress of any alleged conspiracy, do not prompt action by Ms. Theodosy and offer no reassurance as to any ongoing activity.  Without an ability to view the statements an argument cannot be made that they furthered Ms. Theodosy's objective or goals within the alleged conspiracy or scheme.  The relevance of underlying documents is a fundamental criterion for the admissibility of summaries under Federal Rule of Evidence 1006. Summaries based on irrelevant documents fail to meet the admissibility requirements and can be excluded on these grounds.

Furthermore, the courts have discretion to exclude evidence under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, which can include considerations of relevance. USCS Fed Rules Evid R 403, Excluding

Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons. The government would like to introduce summaries of text message exchanges and Venmo financial records. As stated above, a majority of this evidence is not related or relevant to Ms. Theodosy.

The dangers associated with confusing the jury with summary evidence are significant and can adversely affect the fairness and outcome of a trial. Summary evidence, while useful for condensing complex data, carries inherent risks. Primarily, it can lead the jury to treat the summarized facts as proven, even when they have not been fully established through direct evidence. This can result in a jury making decisions based on incomplete or misleading information, potentially leading to unjust verdicts.

Moreover, summary evidence can blur the lines between summarization and argument, inadvertently allowing the summary to advocate a position rather than merely presenting data. This can give undue weight to the summarizer's perspective, influencing the jury's impartiality. Additionally, summaries that include assumptions or conclusions not directly supported by the evidence presented can further mislead the jury, especially if these summaries are too conclusory or present a skewed view of the evidence. *United States v. Adejumo*, 772 F.3d 513.

To mitigate these risks, courts often require that summaries be accompanied by limiting instructions to the jury, clarifying that the summaries are not evidence themselves but tools to aid in understanding the evidence presented. *United States v. Mitchell*, 816 F.3d 865. Despite these precautions, the potential for confusion and misleading the jury remains a critical concern that must be carefully managed to preserve the integrity of the judicial process.

\\
\\
\\
\\

For the foregoing reasons, Ms. Theodosy objects to the introduction of summaries of voluminous evidence as proposed by the government.  If the Court does allow the introduction of summaries, Ms. Theodosy would request a limiting instruction to the jury, clarifying that the summaries are not evidence themselves but tools to aid in understanding the evidence presented.

Dated:  June 18, 2024                                        Respectfully Submitted,


**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Corporation**


By: _____
JANELLE F. CRANDELL
Attorney for Defendant,
AMANDA THEODOSY a/k/a NASH

1
2

### PROOF OF SERVICE

#### *USA v. AMANDA THEODOSY a/k/a NASH*
#### Case No. 4:23-cr-00264 JSW-4

3

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Sacramento, State of California.  My business address is 2366 Gold Meadow Way, Suite 200, Gold River, California 95670.

4

5

On June 18, 2024, I served true copies of the following document(s) described as

6

**DEFENDANT AMANDA THEODOSY'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE NO. 3 TO ADMIT SUMMARIES OF VOLUMINOUS EVIDENCE**

7

8

on the interested parties in this action as follows:

9

### SEE ATTACHED SERVICE LIST

10

11

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address Janelle@grtlaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

12

13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

15

Executed on June 18, 2024, at Sacramento, California.

16

17

18

_____
Janelle F. Crandell

19

20

21

22

23

24

25

26

27

28

DEFENDANT THEODOSY'S OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE NO. 3

1

**SERVICE LIST**
*USA v. AMANDA THEODOSY a/k/a NASH*
**Case No. 4:23-cr-00264 JSW-4**

2

3  ERIC CHENG                                    Attorneys for Plaintiff
   AJAY KRISHNAMURTHY                            UNITED STATES OF AMERICA
4  ALETHEA M. SARGENT
   Assistant United States Attorneys
5  1301 Clay Street, Suite 340S
   Oakland, California 94612
6  Telephone: 510.637-3680
   Fax: 510.637-3724
7  Email: eric.cheng@usdoj.gov
          ajay.krishnamurthy@usdoj.gov
8          alethea.sargent@usdoj.gov

9  TIMOTHY P. CRUDO                              Attorneys for Defendant
   RACHEL R. SUHR                                MORTEZA AMIRI
10 ABRAHAM M. ANDRADE III
   COBLENTZ PATCH DUFFY & BASS LLP
11 One Montgomery Street, Suite 3000
   San Francisco, California 94104-5500
12 Telephone: 415.391.4800
   Facsimile: 415.989.1663
13 Email: tcrudo@coblentzlaw.com
          rsuhr@coblentzlaw.com
14         aandrade@coblentzlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -