UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MORTEZA AMIRI et al,<br><br>Defendant. | Case No.  23-cr-00264-JSW-2<br>23-cr-00264-JSW-3<br><br>**ORDER REGARDING SLIDESHOW FOR JURY SELECTION** |

The Court intends to present the attached slideshow to the potential jurors before and during voir dire on July 31, 2024.

The Court HEREBY ORDERS the parties to file a statement setting forth their objections, if any, to the slideshow by July 17, 2024.  If the parties do not object to the slideshow, the statement should so indicate.

**IT IS SO ORDERED.**

Dated: July 10, 2024

JEFFREY S. WHITE
United States District Judge

# United States District Court Oakland, CA



## Honorable Judge Jeffrey S. White

*United States*

*v.*

*Morteza Amiri*

*Amanda Theodosy*

4:23-cr-264-JSW



# Please
# Turn off Your
# Mobile Phones



**DECLARATION OF INDEPENDENCE**
**(July 4, 1776)**
**"The history of the present King of Great-Britain**
**is a history of repeated injuries and usurpations . . .**
**For depriving us in many cases,**
**of the benefit of Trial by Jury . . .**





**BILL OF RIGHTS**
**(December 30, 1791)**
**Sixth Amendment**
**"In all criminal**
**prosecutions,**
**the accused shall**
**enjoy the right**
**to a speedy and**
**public trial,**
**by an**
**impartial jury . . ."**

**CONSTITUTION**
**(Sept. 17, 1787)**
**"We, the People of**
**the United States,**
**in order to form**
**a more perfect Union,**
**establish Justice . . .**
**Article III**
**"The trial of**
**all crimes . . .**
**shall**
**be by jury;"**







A jury reflects the attitudes and mores of the community from which it is drawn.  It lives only for the day and does justice according to its limits.  The group of twelve, who are drawn to hear a case, makes the decision and melts away.  It is not present the next day to be criticized.  It is the one governmental agency that has no ambition.  It is as human as the people who make it up. . . .  Since it is of and from the community, it gives the law an acceptance which verdicts of judges could not do.

*Justice William O. Douglas, U.S. Supreme Court*

"I consider trial by jury as the only anchor yet imagined by man by which a government can be held to the principles of its constitution."



*Thomas Jefferson, President of the United States*
*Author, Declaration of Independence*

# Timing of the Trial

This trial is estimated to go from August 5 until August 13, not including deliberations.  A typical trial day will be from 8:00 a.m. to 1:30 p.m. (Mon., Wed., Thurs.) and 8:00 a.m. to 12:30 p.m. (Tues.).  We will take two 15-minute breaks each day.

| Mon | Tues | Wed | Thurs | Fri |
|---|---|---|---|---|
| 5<br>8:00 a.m. to 1:30 p.m. | 6<br>8:00 a.m. to 12:15 p.m. | 7<br>8:00 a.m. to 1:30 p.m. | 8<br>8:00 a.m. to 1:30 p.m. | 9<br>8:00 a.m. to 1:30 p.m. |
| 13<br>8:00 a.m. to 1:30 p.m. | 14<br>Deliberations (if needed) | 15<br>Deliberations (if needed) | 16<br>Deliberations (if needed) | 17<br>Deliberations (if needed) |

# Jury Selection Procedures

- Voir Dire
- A Latin phrase meaning "to speak the truth"
- Jury Questionnaires
- Questions of the group
- Honesty important
- Questions not designed to embarrass
- Semi-private option if uncomfortable answering in open court

# Can I Get Excused From Jury Duty?





# Can I Get Excused From Jury Duty?

- Extremely busy
- Other things going on in your life
- Sacrifice
- Extreme financial hardship

# Everyone Does Jury Duty



He sat alongside other potential jurors without revealing his profession. | Getty

## Chief Justice John Roberts reports for jury duty, is rejected

By **ADAM B. LERNER** | 4/15/15 6:36 PM EDT | Updated 4/15/15 6:52 PM EDT

Even Chief Justice John Roberts can't escape his civic duties.

The Supreme Court justice reported for duty as "Juror 49" in Rockville, Maryland, on Wednesday morning, The Washington Post reported.



News › People

**Taylor Swift misses VMAs for jury duty in Nashville court**

# The Courtroom Deputy:



- *Minutes of trial*
- *Mark and keeps exhibits*
- *Places witness under oath*
- *Swears you as jurors*
- *Comes to get you in hallway and jury room*
- *Liaison between Judge and Jury*

# The Court Reporter



- ***Verbatim transcript of trial***
- ***"Real Time" record for judge***
- ***She can't take down:***
  - ***Silence***
  - ***Two people talking***
  - ***Non-verbal communication***



# During the Voir Dire Process

- Please don't check out
- Pay attention to questions
- Make a mental note of responses
- Make jury selection more efficient
- Not intended to waste your time!
- Not free to leave court unless for regular official breaks – unless there is an emergency

# Orders

- Parties can't speak to you outside of court
- Not rude, simply following my order
- Jurors tasked with making a decision based only upon what they see and hear in court

# INDICTMENT

- Indictment is the way a criminal case begins

- The Indictment is not evidence

- Defendant has denied all of the charges

- You are not to presume from the fact that the government filed an Indictment that the defendant is guilty

# VOIR DIRE

# Statement of the Case

This is a criminal case brought by the United States government against defendants Morteza Amiri and Amanda Theodosy (also known as Amanda Nash). Defendants Amiri and Theodosy are charged with the following crimes: wire fraud and conspiracy to commit wire fraud.

During the relevant time period, the City of Antioch and the City of Pittsburg offered financial incentives for certain employees, including police officers, to obtain college degrees. Specifically, the cities partially reimbursed higher education expenses (such as tuition) and provided salary raises to employees who obtained a college degree. During the relevant time period, Defendant Amiri was a police officer with the Antioch Police Department, and Defendant Theodosy was a police officer with the Pittsburg Police Department.

# Statement of the Case Cont'd

The government alleges that Defendants Amiri and Theodosy took part in a conspiracy with three other Pittsburg Police Department police officers (Patrick Berhan, Ernesto MejiaOrozco, and Brauli Rodriguez Jalapa), and one other Antioch Police Department community services officer (Samantha Peterson), in which each paid a person identified as "Individual-1" to take and complete college courses on their behalf at a distance learning institution called California Coast University (CCU). The government alleges that, in doing so, Defendants Amiri and Theodosy earned credit towards Bachelor's degrees in Criminal Justice, and CCU thereafter awarded a Bachelor's degree in Criminal Justice to each of them.

The government further alleges that Defendants Amiri and Theodosy subsequently applied for, and received, salary increases on the basis of having obtained a Bachelor's degree. The government also alleges that Defendant Theodosy also requested, and received, reimbursements for the cost of attending courses at CCU.

# Statement of the Case Cont'd

These are only allegations. Defendants Amiri and Theodosy have denied the charges and pled not guilty. Defendants Amiri and Theodosy are presumed innocent of all charges. The United States government must prove each charge against Defendants Amiri and Theodosy beyond a reasonable doubt.

# Judge and Courtroom Staff

- Jeffrey S. White
- Kristin Ring
- Daisy Salzman
- Hayley Landman
- Ki'i Kealalio-Puli



# Parties and Attorneys: Defendants

- Morteza Amiri

- Amanda Theodosy (a/k/a Amanda Nash)

- Janelle Crandell

- Paul Goyette

- Gabriella Turnbull

- Timothy Crudo

- Rachel Suhr

- James Cho



# Parties and Attorneys
# Plaintiff



- United States
- Ajay Krishnamurthy
- Alethea Sargent
- Eric Cheng
- Special Agent Thuy Zoback

# POTENTIAL WITNESS LIST



The following are *potential* witnesses in the case

# POTENTIAL WITNESS LIST

- Ruth Aracely Rodriguez Azevado
- Joyce T. Blalock
- Ana Cortez
- Armando Delgado-Campos
- Karen Finocchiaro
- James Gawrych
- Michael Jelinsky
- Tim Jung
- Munmeet Kular
- Alan Love

- Joyce Lowe
- Allison Luscombe
- Sara Macskassy
- Krystal Templin Martinelli
- Noah Menotti
- Jackie Mesterhazy
- Casey Mooningham
- Amanda Nelson
- Sandra Nelson
- Craig Perry

- Lisa Savage
- Chris Schneider
- Trevor Schnitzius
- Tara Synnott
- Kenneth Tam
- Jennifer Trott
- Murl Tucker
- Patrick Wentz
- Brendon Zartman
- Thuy Zoback

# Conduct of the Jury

- I will now say a few words about your conduct as jurors.

- First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

- Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, smart phone, or electronic means, via e-mail, text messaging, or

- in or on any Internet chat room, blog, website or application (including but not limited to such social networking media like Facebook, YouTube, X, Instagram, LinkedIn, Snapchat, TikTok, Truth Social) or any other forms of social media.

- This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.

- But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:

- do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

- Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.

- Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.

- If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

- These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then

- your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

- A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.

- If any juror is exposed to any outside information, please notify the court immediately.