Paul Q. Goyette (SBN 137250)
Janelle F. Crandell (SBN 224994)
**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Law Corporation**
2366 Gold Meadow Way, Suite 200
Gold River, CA 95670
Ph: (916) 851-1900
Fax: (916) 851-1995
Email: Janelle@grtlaw.com

Attorneys for Defendant,
AMANDA CARMELLA THEODOSY a/k/a NASH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA CARMELLA THEODOSY a/k/a AMANDA CARMELLA NASH,<br><br>Defendant. | CASE NO. 4:23-CR-00264-JSW-3<br><br>**MOTION FOR ORDER AUTHORIZING ISSUANCE OF SUBPEONA DUCES TECUM TO SANTA CLARA POLICE DEPARTMENT IN ADVANCE OF JURY TRIAL AND [PROPOSED ORDER]**<br><br>Re: Dkt. No. 262 |

Defendant, AMANDA THEODOSY a/k/a/ AMANDA NASH, by and through her attorney of record, Janelle F. Crandell, applies to this Court pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for the issuance of a subpoena duces tecum to the Santa Clara Police Department (hereinafter "SCPD"). The subpoena seeks the complete job application of the defendant for her position of As-Needed Per Diem Police Officer, Special Events, at the Santa Clara Police Department, which she held for approximately September 2019 to March 2022, the relevant job posting(s); and any documentation of the qualifications required and/or recommended for applicants for the position. See Attachment A.

Rule 17(c) of the Federal Rules of Criminal Procedure establishes the procedure by which parties in a criminal case may compel third parties to produce evidentiary material for use at pre-trial hearings and/or trial. Rule 17(c) states, in relevant part, that:

///

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The Supreme Court has discussed the limited use of subpoenas duces tecum as authorized by Rule 17, and particularly those subpoenas which command pre-trial production of documents under previous versions of Rule 17(c). *See United States v. Nixon*, 418 U.S. 683, 697–702 (1974); *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951). The Court in *Nixon* noted that the "chief innovation" of a subpoena duces tecum "was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." Nixon, 418 U.S. at 698B99 (emphasis in original, citations omitted). Specifically addressing subpoenas requiring production before trial, the Court ruled that the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id. at 699–700.

In the instant case, Ms. Theodosy is charged with violations of 18 U.S.C. § 1349 (Conspiracy to Engage in Wire Fraud) and (18 U.S.C. § 1343 – Wire Fraud). This matter is currently scheduled for a jury trial on August 5, 2024.

The government has informed Ms. Theodosy that they intend to present at trial, evidence that Ms. Theodosy applied for and accepted a job as a lateral police officer with the Santa Clara Police Department ("SCPD") between the dates of March 21, 2022, and September 13, 2022.  Specifically, the government has obtained Ms. Theodosy's job application, the relevant job posting, and documentation of the qualifications required or recommended for applicants of a lateral police officer.  The government alleges that the evidence will show, after receiving a college degree based on the courses another individual took on Ms. Theodosy's behalf, she applied for and accepted a job at the SCPD.  Ms. Theodosy anticipates the government will introduce this evidence to support the allegations that Ms. Theodosy represented her education experience in order to qualify for the SCPD lateral office position.

Ms. Theodosy was originally hired by the SCPD in September of 2019, as an As-Needed Per Diem Police Officer for Special Events. This was prior to Ms. Theodosy's position as a lateral police officer. The position of As-Needed Per Diem Police Officer required the applicant to be currently employed as a full time or part time police officer with a California Law Enforcement Agency and must have completed a Basic Peace Officer Academy certified by POST. The position offered an hourly pay rate of $75.00.

Ms. Theodosy requests authorization to issue a subpoena duces tecum to the SCPD for Ms. Theodosy's complete job application for her position as an As-Needed Per Diem Police Officer; the relevant job posting(s); any documentation of the qualifications required for applicants for that position and any documents confirming the hire date of Ms. Theodosy as an As-Needed Per Diem Police Officer.

The documents are evidentiary and relevant. The requested records are expected to show that Ms. Theodosy applied and qualified for a peace officer position with the SCPD, before she obtained her college degree and applied for the lateral police officer position. This goes directly to Ms. Theodosy's defense to the government's allegations of motive.

The relevant records from the SCPD are also not otherwise procurable reasonably in advance of trial. Although California Labor Code Section 1198.5(a), provides that every former employee has the right to receive a copy of the personnel records, the statute provides the employer with a (30) thirty-day time period to make the personnel records available to the employee. With the jury trial being set for August 5, 2024, Ms. Theodosy would not receive her personnel records reasonably in advance of trial.

Ms. Theodosy requires these records in order to properly prepare for arguments and present her defense to the government's allegations.

Lastly, Ms. Theodosy makes this application in goof faith to seek materials that are relevant in presenting Ms. Theodosy's defense to the government's allegations of motive.

///
///
///
///
///

Accordingly, the Nixon requirements are met, and therefore, issuance of this subpoena is appropriate. For the reasons stated above, Ms. Theodosy requests the Court order that Ms. Theodosy's may issue the requested subpoenas duces tecum.

Dated: July 16, 2024

Respectfully Submitted,

**GOYETTE, RUANO & THOMPSON, INC.**
**A Professional Corporation**

By:_____
JANELLE F. CRANDELL
Attorney for Defendant,
AMANDA THEODOSY a/k/a NASH

~~[PROPOSED]~~ **ORDER**

Upon the motion of Defendant Amanda Theodosy, a/k/a Nash, and good cause appearing, **IT IS HEREBY ORDERED THAT** Santa Clara Police Department produce the records requested in the subpoena, attached hereto, issued by the United States District Court for the Northern District of California in the above-captioned case, for return on or before **August 1, 2024**.

**IT IS FURTHER ORDERED** that such records be provided by the subpoena recipient to the Court, in an envelope delivered to the Clerk's Office, and directly to the issuing Counsel for Defendant Amanda Theodosy a/k/a Nash, whose name and address appears at the bottom of the subpoena, attached hereto.

**IT IS FURTHER ORDERED** that upon the Defendant Amanda Theodosy a/k/a Nash receipt of such documents, a copy of the relevant records shall be provided forthwith to the government, as required by Rule 16 of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED.**

DATED: July 17, 2024

_____
HON. JEFFREY S. WHITE
United States District Judge

# EXHIBIT A

- 6 -
**MOTION FOR RULE 17(C) SUBPOENA**

ATTACHMENT A
Case 4:23-cr-00264 JSW

Santa Clara Police Department
601 El Camino Real
Santa Clara, CA 95050

Please provide copies, in electronic format, of all personnel records related to the following individuals:

Name: Amanda Carmella Nash, a/k/a Amanda Carmella Theodosy
Date of Birth: ███

We are requesting the following records and information:

1) The complete job application of the defendant for her position of As-Needed Per Diem Police Officer, Special Events, at the Santa Clara Police Department, which she held for approximately September 2019 to March 2022

2) The relevant job posting(s); and

3) Any documentation of the qualifications required and/or recommended for applicants for the position.

Please produce the responsive documents by August 1, 2024, so that the information may be reviewed prior to the trial or hearing in this matter by delivering the documents to the address below. If you have any questions regarding this subpoena, please contact Janelle F. Crandell at (916) 851-1900 or Janelle@grtlaw.com.

**GOYETTE, RUANO & THOMPSON, INC.**
Paul Q. Goyette (SBN 137250)
Janelle F. Crandell (SBN 224994)
2366 Gold Meadow Way, Suite 200
Gold River, CA 95670
(916) 851-1900
Paul@grtlaw.com
Janelle@grtlaw.com

- 7 -
**MOTION FOR RULE 17(C) SUBPOENA**